**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HOLLI LUNDAHL,

       Petitioner - Appellant,

v.

BRIAN ROBBINS; SOURCE ONE
MORTGAGE SERVICE;
CALIFORNIA FRANCHISE TAX
BOARD; MARCH FONG EU,
Secretary of State and successor in
interest; GERALD ROSENBERG,
Commissioner in his personal
capacity; ELI LILLY; UNITED
STATES OF AMERICA; INTERNAL
REVENUE SERVICE,

       Defendants - Appellees.

No. 04-4236
(D.C. No. 2:04-CV-89-PGC)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

After examining the brief and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Holli Lundahl appeals from the district court's order denying her motion to withdraw a bankruptcy reference. Although opened as a separate proceeding in district court, the motion to withdraw the reference relates back to adversary proceeding number 03-2401, which the bankruptcy court dismissed originally on December 23, 2003. The motion to withdraw the reference was docketed in the district court on January 28, 2004. As a result, on the date Ms. Lundahl filed her motion to withdraw the reference there was no bankruptcy proceeding pending. For that reason, the district court denied the motion and dismissed the action as moot. [1]

We review the district court's mootness determination *de novo*. *Faustin v. City & County of Denver*, 268 F.3d 942, 947 (10th Cir. 2001). In doing so, we note that "[a] case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *Office of Thrift Supervision v.*

---

[1] We have held that orders granting motions to withdraw a bankruptcy reference are not immediately appealable. *Dalton v. United States (In re Dalton)*, 733 F.2d 710, 715 (10th Cir. 1984). Here, however, the district court denied the motion and dismissed the action. There is nothing left of the litigation. Consequently, we have jurisdiction to consider the propriety of the district court's order. *See id. at* 714 (noting that in order to be immediately appealable, "the district court's judgment must end the litigation and leave nothing to be done except execute the judgment").

*Overland Park Fin. Corp. (In re Overland Park Fin. Corp* .), 236 F.3d 1246, 1254 (10th Cir. 2001)(internal quotations and citations omitted).  That is clearly the case here.  At the time Ms. Lundahl filed her motion to withdraw the reference she was aware of the bankruptcy court's dismissal.  In fact, she had already appealed that dismissal to the Tenth Circuit Bankruptcy Appellate Panel.  We reject her attempt to secure a second review.

Moreover, we caution Ms. Lundahl that her efforts to reargue issues already decided must abate.  She is coming perilously close to abusing her right of access to the courts.  The request to proceed in this court without prepayment of fees and costs is denied, and this matter is DISMISSED.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Entered for the Court

Stephanie K. Seymour
Circuit Judge